## ALFRED BERNEY v. WILLIAM MITCHELL.

On the hearing of an appeal, it appeared that a material witness, who had testified in the court below, had left the state, and could not, after diligent search, be found, nor his residence ascertained; *held*, that proof of what the witness had sworn to before the justice was not competent evidence on the appeal.

---

On *certiorari*, to the Common Pleas of Hudson county.

For plaintiff in *certiorari*, S. B. Ransom.

For defendant, J. Dixon, Jr.

DALRIMPLE, J. The appellant having proved that a material witness, who was sworn in the court below, had left the state, and could not, after diligent search, be found, nor his residence ascertained, claimed the right to prove what the

witness had sworn before the justice. The Common Pleas rejected the evidence. This is the error complained of.

Most, if not all, the elementary treatises and abridgements of the law lay down the rule to be, that not only the testimony of deceased witnesses given on a former trial between the same parties may be received, but likewise the testimony of witnesses who are out of the jurisdiction of the court, or cannot be found after diligent search. 1 *Greenleaf's Ev.*, § 163; *Peake's Ev.* 62; 1 *Starkie's Ev.* 264; 12 *Vin. Abr.* 107; *Roscoe's Ev.* 78; *Gilbert on Ev.* 60; 1 *McNally's Ev.* 287.

The Court of King's Bench, in the case of *Lutterell* v. *Reynall et al.*, 1 *Modern* 283, admitted the deposition of a witness made in a former suit between the same parties, it being shown that the witness had been subpœnaed, and having come part of the way thitherward had fallen so sick as not to be able to travel any further. In *Green* v. *Gatewick*, cited in *Buller's Nisi Prius* 243, it appeared that a witness had been sworn in Common Bench in a case between the same parties, and was subpœnaed by the defendant to appear at a second trial, in King's Bench, and his charges given him; but not appearing, witnesses were admitted to swear what he had testified in Common Bench, for the court said they would presume he was kept away by the plaintiff's practice. This presumption was strengthened by the fact, that the witness had been produced by the plaintiff at the former trial.

This is one of the cases cited by Professor Greenleaf in support of the rule as stated by him. He also refers to the case of *Rex* v. *Eriswell*, 3 *T. R.* 707, in which the question was, whether the examination of a poor person, taken before justices, on application of overseers of the poor, in the absence of the opposite party, could, after the examinant had become insane, be admitted as legal evidence in subsequent proceedings for his removal to his place of legal settlement. As to the admissibility of this evidence, the Court of King's Bench were equally divided. Mr. Starkie refers to the fol-

lowing additional cases: *Benson* v. *Olive*, 2 *Strange* 920, in which the evidence was rejected because there was no satisfactory proof that the witness was dead; *Rex* v. *Payne*, 1 *Ld. Raymond* 729, in which I do not find that the question arose; *Kinsman* v. *Crooke*, 2 *Ld. Raymond* 1166, in which it appearing that the witness was examined in chancery as to the value of certain land, having been the collector of the rents thereof, and at the time of that examination he referred to his rental. At the trial of the case reported he had become blind, and, therefore his examination and deposition in chancery were admitted, because it is said if he had been so ill that he could not have come to the trial they had been good evidence. He also gave evidence of what he remembered besides. *Fry* v. *Wood*, 1 *Atkyns* 445. The report simply says that it was agreed that where a person has been examined in chancery, in a cause at law between the same parties, his deposition may be used in evidence if it can be proved that the witness is dead, or by reason of sickness, &c., is not able to attend, or that he is out of the kingdom, or otherwise not amenable to the process of the court. *In Doe on the demise of Lloyd* v. *Evans*, 3 *C. & P.* 219, it was sought, on the authority of *Kinsman* v. *Crooke*, to read in evidence the deposition of a witness who was nearly one hundred years of age, and bed-ridden, and quite unable to attend any trial; but Vaughan B., said: " These things are in cases of issues out of chancery, regulated by an order of that court, that the deposition of parties may be read, but I think the mere circumstance of the witness being unable to attend here, by reason of sickness, is no sufficient ground for admitting a deposition." In the case of *Regina* v. *Hagan*, 8 *C. & P.* 167, counsel for the prisoner stated that he rested the defence of the prisoner, wholly on the evidence of a witness who was bound over as a witness for the prosecution ; and that if he had known that he was not present he should have applied to postpone the trial; he thereupon asked the court to allow the deposition of the witness taken before the magistrate to be read. It was, however, held to be inad-

missible, though the witness had gone to sea, and could not be produced.

It seems to be the prevailing rule of the English courts, as stated by Mr. Starkie, to admit the deposition of the witness, not only where it appears that the witness is actually dead, but in all cases where he is dead for all the purposes of evidence, as when he cannot be found after diligent search, or resides in a place beyond the jurisdiction of the court, or where he has become lunatic or attainted. In this country the question has been determined different ways in different states. Many of the cases will be found collected in a note to § 163 of 1st *Redfield's*, *Greenleaf on Ev.*, and in 1st *Phillipp's Ev.* 231, n. 441, by *Cowen & Hill*.

In New York, in order to entitle a party to give in evidence the testimony of a witness given on a former trial, it must be shown that the witness is dead. *Weeks* v. *Lowerre*, 8 *Barbour* 532. In the note first above referred to, the learned author says that if the witness " is merely out of the jurisdiction, but the place is known, and his testimony can be taken under a commission, it is a proper case for the judge to decide, in his discretion, and upon all the circumstances, whether the purposes of justice will be best served by issuing such commission, or by admitting the proof of what he formerly testified."

It must be recollected that the rule by which the evidence of a deceased witness, given on a former trial, is admitted, is an exception to the rule rejecting all hearsay evidence. The evidence is only of what some other witness swore on a former trial. If we bring within the exception all cases in which a party without laches will be deprived of material evidence, unless the testimony given on a former trial is admitted, we shall open the door to much evidence which will oftentimes tend rather to obscure than elucidate the truth. With due deference to the learned author above quoted, I may be allowed to say, that in this state, at least, there is no rule of the common law in force by which it is within the power of the court, at its discretion, either to

Berney v. Mitchell.

issue a commission or admit evidence of what an absent witness formerly testified. The cases above cited show the extent to which the exception has been carried in England, and that the rulings upon the question there have not been uniform. In some of the American courts, the exception has been held to include cases of insanity of the witness, his absence beyond seas or in an adjoining state, absence by reason of sickness, and the case of a witness who, being a deputy sheriff, was absent on official business. I am not aware of any decision in our state upon the point. In my opinion, neither legal principle nor sound policy will justify the admission of the evidence given on a former trial, except in case of the death or insanity of the witness, or where it appears at the time of the trial, that, by reason of physical inability of a permanent character, he is unable to be examined, and that, by the exercise of due diligence, his deposition could not have been taken. If we extend the rule beyond this limit, we must include within it all cases in which the rejection of the evidence would work an apparent hardship. If the rule goes thus far, we must admit the evidence of witnesses who have become infamous, who have been kept away by the practice of the opposite party, of those whose residence is unknown, and of many others. Under such rule, the evidence of a witness examined in Jersey City or Camden, before a justice of the peace, could be proved on appeal, though the witness were actually a resident of New York or Philadelphia, if the party could prove, by his own oath or otherwise, that he could not, after diligent search, find the witness. The evils which would flow from such a rule may readily be imagined. I am not willing to admit that any such exists. The rejection of the offered evidence by the Common Pleas was correct, and the judgment below should be affirmed, with costs.

Judgment affirmed.

BEDLE, Justice, concurred.